UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISON

| | | |
|---|---|---|
| **CRYSTAL CHEVALIER AND** | \* | **CIVIL ACTION NO. 2:21-CV-01819** |
| **MICHAEL CHEVALIER** | \* | |
| | \* | |
| **VERSUS** | \* | **JUDGE JAMES D. CAIN, JR** |
| | \* | |
| **CIRCLE K STORES, INC.** | \* | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 13] filed by Circle K Stores, Inc. ("Circle K") in response to the personal injury suit brought by plaintiffs Crystal Chevalier and Michael Chevalier. Plaintiffs oppose the motion [doc. 16], which is now ripe for review. Circle K also filed a reply to Mrs. Chevalier's opposition. Doc. 19.

I.
BACKGROUND

This action arises from a fall suffered by Mrs. Chevalier on May 16, 2020, at a Circle K convenience store located in Lake Charles, Louisiana. Mrs. Chevalier slipped on an area of the floor that had recently been mopped by a Circle K employee. As a result of the fall she sustained injuries, including a torn meniscus in her left knee and a torn labrum in her left hip. There was a warning sign in the general area where Mrs. Chevalier fell, but she maintains it was inadequately placed. Accordingly, she asserts that Circle K is liable for her injuries.

Mrs. Chevalier and her husband filed suit against Circle K in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on February 11, 2021. Circle K then removed the action to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Circle K now moves for summary judgment, asserting that plaintiffs cannot carry their burden under the Merchant Liability Statute, specifically the elements requiring the plaintiff to show: (1) the condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable, and (2) the merchant failed to exercise reasonable care. Plaintiffs oppose this motion. Doc. 16.

## II.
## SUMMARY JUDGMENT STANDARD

A court should grant summary judgment when the movant shows "that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242m 248 (1986) (quotations omitted.) This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of this claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. E.g., Cates v. Sears, Roebuck & Co., 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act (hereinafter, "LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other relents of his claim): (1) a condition presented an unreasonable risk of harm and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition; and (3) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

In this matter, video surveillance shows Mrs. Chevalier exiting the bathroom of the convenience store after an employee mops the floor and places the warning sign in the mopped area. The warning sign is positioned in the middle of the wet floor area, which is in a corridor formed between food shelves and the soda fountain. As Mrs. Chevalier approaches the soda fountain, and before she reaches the wet floor sign, she slips and falls.

Circle K argues that plaintiffs' suit must be dismissed because they cannot satisfy the first and third elements of the LMLA. Circle K claims that the warning sign is evidence of its reasonable care and of the lack of a dangerous condition posed by the wet floor. It relies on several authorities where Courts have granted summary judgment when caution signs were in the clear sight of visitors. *See*, *e.g.*, *Jones v. Circle K Stores, Inc.*, No. CV 16-00691-BAJ-EWD, 2018 WL 910163, at *1 (M.D. La. Feb. 15, 2018); *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, 59 So.3d 513 (La. Ct. App. 3d Cir. 2011); *Foreman v. Circle K Stores, Inc.*, 766 Fed. App'x 165 (5th Cir. 2019).

Plaintiffs assert that the placement and location of the yellow cautionary sign was not reasonable under the circumstances. They rely on authorities that opine the location and type of sign, not merely having one out, is the key issue in whether the condition is unreasonably dangerous. *E.g.*, *Ramirez v. PNK Lake Charles, LLC*, No. 2:15-CV-01448, 2017 WL 7798670, at *3 (W.D. La. Oct. 17, 2017). They also submit the affidavit of Jason English, a professional engineering consultant who, for the purposes of this motion, has specific expertise and qualifications in the field of premises safety, safety management, and fall prevention. In Mr. English's report, he claims Circle K did not appropriately use the warning sign to warn the patrons of the recently mopped floor. He cites the American

National Standards Institute, Inc.'s "Provision of Slip Resistance on Walking/Working Surfaces," which states "warning signs shall be placed at approaches to, or around, areas where slip/fall hazards are foreseeable. These devices shall surround or be placed around the perimeter of the hazardous area to clearly demarcate the location of the potential hazard." Doc. 16, att. 5.

Upon review of the video surveillance and Mr. English's report, the court agrees that there are issues of fact as to whether the wet floor violated the LMLA and Circle K's duty of care in this matter. The placement of the sign appears to be in the middle of the wet floor, while Mrs. Chevalier slipped before she reached the sign. From this footage a reasonable juror may conclude that the sign did not provide adequate notice and that the floor therefore presented an unreasonable risk of harm. Accordingly, Circle K is not entitled to judgment as a matter of law.

## IV.
## CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment will be denied.

**THUS DONE AND SIGNED** in Chambers on this 28th day of December, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**